01

02

03

04

05                          UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
06                                     AT SEATTLE

07  PATRICIA ANN GIULIANO,              )    CASE NO. C09-0100-CRD
                                        )
08          Plaintiff,                  )
                                        )
09          v.                          )    ORDER AFFIRMING
                                        )    COMMISSIONER
10  MICHAEL J. ASTRUE,                  )
    Commissioner of Social Security,    )
11                                      )
            Defendant.                  )
12  _____  )

13          The Court has reviewed the entire record, including the Administrative Record, the

14  memoranda of the parties, the Report and Recommendation of United States Magistrate Judge

15  Mary Alice Theiler, Plaintiff's opposition to the Report and Recommendation, and Defendant's

16  response.   For the foregoing reasons, the Court adopts the Report and Recommendation in its

17  entirety and affirms the Commissioner's decision.

18          In her opposition to the Report and Recommendation, Plaintiff contends that both the

19  ALJ and the Magistrate Judge applied an incorrect legal standard at step two of the disability

20  analysis.   Plaintiff argues that if the correct standard were applied at step two, her depression

21  and anxiety would be found legally severe impairments.   Specifically, Plaintiff points to the

22  ALJ's analysis regarding the medical expert, who believed Plaintiff had moderate social

01  limitations.   The ALJ disagreed with the medical expert, finding:

02          Specifically, according to the state's evaluation, the [plaintiff's] symptoms were
        not serious enough to rise to the degree of limitation required to find a severe
03          impairment. Accordingly, I have not found a basis for the moderate social
        limitations assessed by the medical expert. The treatment records have not
04          indicated that the [plaintiff's] mental impairments have created a moderately
        severe limitation in maintaining social functioning. More significantly, the
05          [plaintiff] has managed in the past to work with her impairments and has
        functioned relatively well, which would not warrant a moderate limitation in her
06          social functioning.

07  AR 31.

08          In support of the above portion of the ALJ's decision, Magistrate Judge Theiler notes,

09  "A diagnosis alone is not sufficient to establish a severe impairment.   Instead, a claimant must

10  show that her medically determinable impairments are severe.   20 C.F.R. § 404.1520(c).   In

11  this case, Plaintiff has not demonstrated the existence of a mental impairment significantly

12  limiting her ability to perform basic work activities."   Report and Recommendation at 7.

13          Plaintiff argues the ALJ, and consequently the Report and Recommendation, apply an

14  incorrect legal standard by requiring more than a "moderately severe limitation in maintaining

15  social functioning" when the correct threshold at step two is lower.   Plaintiff argues that

16  "Respectfully, there is no requirement that there be more than 'moderate limitations' in order

17  for a finding of legal severity; the standard is more than a 'minimal effect' on claimant's ability

18  to work…"   Plaintiff's Objections at 2-3.   Plaintiff also correctly sets forth the applicable

19  legal standard, however, the Court finds neither the ALJ nor the Magistrate Judge applied the

20  "incorrect" legal standard as Plaintiff presents it.

21          The ALJ analyzed the medical expert's opinion that Plaintiff has a "moderately severe

22  social limitation," however, the ALJ did not use "moderate severity" as the legal standard at

01 step two.   Instead, the ALJ discussed why he disagreed with the medical expert's opinion of a

02 "moderately severe limitation in maintaining social functioning" concluding that Plaintiff does

03 not have a severe impairment at step two of the disability analysis.   Thus, the ALJ did not hold

04 "moderate severity" out as the disability standard at step two, but applied the correct legal

05 standard, which, as noted by Magistrate Judge Theiler, requires that:

> At step two, plaintiff must make a threshold showing that her medically
> determinable impairments significantly limit her ability to perform basic work
> activities. *See Bowen v.Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§
> 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and
> aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b).
> "An impairment or combination of impairments can be found 'not severe' only
> if the evidence establishes a slight abnormality that has 'no more than a minimal
> effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290
> (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28). "[T]he step two
> inquiry is a *de minimis* screening device to dispose of groundless claims." (Id.)
> (*citing Bowen*, 482 U.S. at 153-54).

12 Report and Recommendation at 4.

13        Accordingly, the Court finds the Report and Recommendation does not apply an

14 erroneous legal standard, and is not otherwise in error by recommending affirmance of the

15 ALJ's decision at step two of the disability analysis.

16        Plaintiff also asserts that Magistrate Judge Theiler "improperly deferred to the ALJ's

17 determination regarding Ms. Guiliano's credibility."   Plaintiff's Objections at 2.   However, as

18 Defendant correctly notes, "Beyond this bare assertion, Plaintiff has not supported this claim

19 with any argument."   Defendant's Response at 5.

20        It is therefore ORDERED:

21        (1)      The Court adopts the Report and Recommendation;

22        (2)      The Court AFFIRMS the decision of the Commissioner; and

01      (3)     The Clerk shall direct copies of this Order to all counsel and to Judge Theiler.

02     DATED this 20th day of October, 2009.

03

04                                  Carolyn R. Dimmick

                                 United States District Judge